UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE M. ZIRNHELT,

       Plaintiff,

                                          Case No. 04-CV-70619
vs.                                             HON. GEORGE CARAM STEEH

MICHIGAN CONSOLIDATED GAS CO., et al.,

       Defendant.

_____/

ORDER DIRECTING PARTIES TO
MOVE TO REOPEN CASE IF WARRANTED

       Plaintiff Diane Zirnhelt filed a complaint on February 19, 2004 seeking declaratory relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101 et seq., that she is vested in the defendant American Natural Resources System Companies Employees' Retirement Plan as a former employee of defendant Michigan Consolidated Gas. Plaintiff also alleged that any denial of her right to a pension would be in violation of ERISA, and that defendant plan administrator Elizabeth Pochini is liable under ERISA for failing to transmit certain plan related documents to plaintiff as requested on May 2, 2003.

       Following a June 7, 2004 scheduling conference and a June 30, 2004 telephone conference, the court entered a July 13, 2004 Stipulated Order dismissing plaintiff's claims without prejudice in deference to plaintiff filing an administrative claim for benefits and pursuing administrative appeals. This case was administratively closed. The July 13, 2004 Stipulated Order also provided:

> 9. At the conclusion of the claim and appeal process as outlined above in paragraphs 3-8, the parties shall attempt to agree to the then-outstanding issues requiring intervention by the Court, or if unable to agree, each party may within 30 days of the conclusion, or earlier termination, of the claim and appeal procedure authorized above separately submit to the Court its

position as to the then-outstanding issues for consideration by the Court, and thereafter the Court shall schedule a conference for the purpose of setting additional deadlines and determining what issues remain in the case and how such issues will be decided. The stay of discovery will be removed, if necessary, at this Scheduling Conference.

July 13, 2004 Stipulated Order, ¶¶ 8-9, at 3.

On February 14, 2005, plaintiff filed a "SUMMARY OF REMAINING ISSUES FOR ADJUDICATION." Defendants filed their own ""SUMMARY OF REMAINING ISSUES FOR ADJUDICATION" on February 28, 2005.  On June 20, 2005, plaintiff's Counsel wrote a letter to the court inquiring whether any further input was required by the parties. Plaintiff's Counsel was directed in a June 23, 2005 telephone conversation to file a motion seeking to re-open the case, as the case remains administratively closed. A motion to re-open the case has yet too be filed. Accordingly,

Plaintiff and/or the defendants are hereby ORDERED to file a motion to re-open this lawsuit if warranted by the circumstances. The case will remain closed until such a motion is filed and adjudicated by the court.

SO ORDERED.

                                                s/George Caram Steeh
                                                GEORGE CARAM STEEH
                                                UNITED STATES DISTRICT JUDGE

Dated: July 13, 2005

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on July 13, 2005, by electronic and/or ordinary mail.

                                                s/Josephine Chaffee
                                                Secretary/Deputy Clerk