UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE M. ZIRNHELT,

                   Plaintiff,

                                         Case No. 04-CV-70619

vs.                               HON. GEORGE CARAM STEEH

MICHIGAN CONSOLIDATED GAS CO., et al.,

                   Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT TO ADD A CLAIM OF ESTOPPEL (#14) AND DENYING PLAINTIFF'S MOTION TO STRIKE (#20) AS MOOT

Plaintiff Diane Zirnhelt moves for leave to file an amended complaint to add a claim of estoppel. Plaintiff also moves to strike a supplemental brief filed by the several defendants in response to plaintiff's motion for leave to amend. The facts and legal arguments presented in the parties' briefs are sufficient to adjudicate the motions. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motions be resolved without oral argument.

### I. Background

Diane Zirnhelt filed her initial complaint on February 19, 2004 seeking declaratory relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101 et seq., that she is vested in defendant American Natural Resources System Companies Employees' Retirement Plan ("Retirement Plan") as a former employee of defendant Michigan Consolidated Gas. Plaintiff also alleges that the denial of her right to a vested pension violates ERISA, and that defendant plan administrator Elizabeth Pochini is liable under ERISA for failing to timely transmit Retirement Plan documents. On July 13, 2004, the court entered a Stipulated Order dismissing plaintiff's claims without prejudice to

facilitate plaintiff's pursuit of an administrative claim, and this case was administratively closed.  The lawsuit was reopened on August 17, 2005 on entry of a second Stipulated Order.  Plaintiff has completed the administrative claim process, and her claim for vested pension plan benefits has been denied.  On September 27, 2005, the court entered a Scheduling Order which inter alia expressly permitted plaintiff to file a motion to amend on or before November 15, 2005 to add an estoppel claim.  Plaintiff timely filed the instant motion to amend on November 14, 2005.

## II. Motion for Leave to Amend to Add Estoppel Claim

### A. Standard of Review

The parties dedicate considerable argument to the appropriate standard of review. It is well established that leave to amend a complaint is to be freely granted when justice so requires.  See Fed. R. Civ. P. 15(a).  Absent bad faith or dilatory motive on the part of the movant, leave to amend should be granted unless the amended claim is futile in that the amended claim would not survive a motion to dismiss.  Foman v. Davis, 371 U.S. 178, 182 (1962); Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1041-42 (6th Cir. 1991); Head v. Jellico Hous. Auht., 870 F.2d 1117, 1124 (6th Cir. 1989).  In deciding a motion to dismiss, the court accepts the plaintiff's factual allegations as true, and may dismiss a claim only if the plaintiff can prove no set of facts which would entitle the plaintiff to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

### B. Analysis

Plaintiff alleges that she was employed by Michigan Consolidated Gas from June 1965 until August 1977, and that she was age 18 when she began her employment. Plaintiff's proposed amended claim alleges the defendants are estopped from denying her claim for pension benefits under Retirement Plan language that excludes years of service completed prior to age 22 from a 10-year service vesting requirement:

2

12. [P]laintiff was never advised by her employer, MichCon, that any service accrued prior to reaching age twenty-two (22) would not be counted toward retirement eligibility.

13. [P]laintiff was never provided with any plan documents or summary plan description.

*       *       *

## COUNT IV
## ACTION FOR EQUITABLE ESTOPPEL

27.  Plaintiff incorporates by reference paragraphs 1 through 26 above as though fully stated herein.

28.  That the conduct, language or silence by Defendants in regard to the vesting requirements of the American Natural Resources System Companies Employees Retirement Plan amounted to a misrepresentation of material fact.

29.  That the defendants were aware of the true facts regarding the vesting requirements.

30.  That Defendants' conduct, language and silence in regard to the actual nature of the vesting requirements was intended by Defendants to be acted upon by Plaintiff.

31.  That the Plaintiff had a right to believe that the Defendants' conduct was so intended.

32.  That Plaintiff was unaware of the true facts of the vesting requirements for retirement benefits.

33.  That Plaintiff justifiedly relied upon the conduct, language and silence of Defendants in regard to the vesting requirement for retirement benefits to her detriment and decided to leave employment with Defendant, assuming that her retirement benefits vested.

Proposed First Amended Complaint, Count IV, ¶¶ 12-13, 27-33, at 4, 11-12.

In Sprague v. General Motors Corporation, 133 F.3d 388 (6th Cir. 1998) (en banc),

an en banc majority of the Sixth Circuit explained:

ERISA distinguishes between pension plans and welfare plans. A pension plan "provides retirement income to employees" or "results in a deferral of income by employees for periods extending to the termination of . . . employment or beyond . . . ." 29 U.S.C. § 1002(2). Welfare plans, in contrast, include plans "established or . . . maintained for the purpose of

providing ... medical, surgical, or hospital care or benefits . . . ."  Id. §
1002(1). . . .

*      *      *

    We have held that equitable estoppel may be a viable theory in ERISA
cases, *at least in regard to welfare plans*.  Armistead [v. Vernitron Corp.], 944
F.2d [1287, 1298 (6th Cir. 1991)]. The elements of an equitable estoppel
claim, as announced by the Armistead panel, are as follows: (1) there must
be conduct or language amounting to a representation of material fact; (2)
the party to be estopped must be aware of the true facts; (3) the party to be
estopped must intend that the representation be acted on, or the party
asserting the estoppel must reasonably believe that the party to be estopped
so intends; (4) the party asserting the estoppel must be unaware of the true
facts; and (5) the party asserting the estoppel must reasonably or justifiably
rely on the representation to his detriment. Id. at 1298.

    Principles of estoppel, however, cannot be applied to vary the terms of
unambiguous plan documents; *estoppel can only be invoked in the context
of ambiguous plan provisions*. See Fink v. Union Central Life Ins. Co., 94
F.3d 489, 492 (8th Cir.1996); Hudson v. Delta Air Lines, Inc., 90 F.3d 451,
458 n. 12 (11th Cir.1996), cert. denied, 519 U.S. 1149, 117 S.Ct. 1082, 137
L.Ed.2d 217 (1997). There are at least two reasons for this. First, as we have
seen, estoppel requires reasonable or justifiable reliance by the party
asserting the estoppel. That party's reliance can seldom, if ever, be
reasonable or justifiable if it is inconsistent with the clear and unambiguous
terms of plan documents available to or furnished to the party. Second, to
allow estoppel to override the clear terms of plan documents would be to
enforce something other than the plan documents themselves. That would
not be consistent with ERISA.

Sprague, 133 F.3d at 400, 403-404 (footnote omitted) (italics emphasis added).  Sprague

involved a putative class action estoppel claim with regard to health care benefits under an

ERISA welfare plan.  Id. at 400.  Armistead, cited in Sprague and relied upon by plaintiff,

also involved a class action estoppel claim relative to the denial of health and life insurance

benefits under an ERISA welfare plan.  Armistead, 944 F.2d at 1297.

    In contrast, Zirnhelt's proposed amended estoppel claim seeks benefits under an

ERISA pension plan.  A panel of the Sixth Circuit faced with an estoppel claim challenging

a denial of eligibility under a pension plan distinguished Sprague, reasoning that "its holding

is limited to welfare plans."  Bielkie v. General Motors Corp., No. 98-1873, 188 F.3d 506

(Table), 199 WL 644336, at *2 (6th Cir. Aug. 19, 1999) (unpublished) (citing Sprague, 133 F.3d at 403).  The Bielkie panel also reiterated that "[p]rinciples of estoppel, . . . , cannot be applied to vary the terms of unambiguous plan documents; estoppel can only be invoked in the context of ambiguous plan provisions."  Id. at *3 (quoting Sprague, 133 F.3d at 404). Two federal district courts within the Sixth Circuit have more recently recognized the distinction between an actionable estoppel claim seeking welfare plan benefits, and an estoppel claim seeking pension plan benefits for which relief cannot be granted.  See Ramsey v. Formica Corp., No. 1:04-CV-149, 2004 WL 1146334, at *3 (S.D. Ohio Apr. 6, 2004) (unpublished) (citing Armistead, 944 F.2d. at 1299-1300, in denying motion for a TRO on reasoning that "the Sixth Circuit has not yet recognized an ERISA equitable estoppel claim in defined pension benefit plans and dicta strongly suggests that because of actuarial concerns, it should not be applied in cases involving pension plans"); Pitchford v. General Motors Corp., 248 F.Supp.2d 675, 678 (W.D. Mich. 2003) (dismissing as a matter of law estoppel claim premised on denial of pension benefits).  As pointed out in Ramsey, the Sixth Circuit in Armistead drew a distinction between equitable estoppel claims seeking welfare plan benefits as opposed to pension plan benefits:

> The substance of the Nachwalter [v. Christie, 805 F.2d 956, 960 (11th Cir. 1986)] court's opinion is that Congress's purpose in requiring that benefit plans be in writing can only be served if the plan is enforced as written. When a party is estopped from asserting a right in a written plan, the plan as enforced is not the same as the plan as written. For this reason, ERISA would seem to preclude application of equitable estoppel to disputes over benefit plans under the statute.
>
> This reasoning applies primarily to cases involving pension plans and is much less cogent when welfare benefit plans are at issue. The reason is that pension benefits are typically paid out of funds to which both employers and employee contribute. Contributions and pay-outs are determined by actuarial assumptions reflected in the terms of the plan. If the effective terms of the plan may be altered by transactions between officers of the plan and individual plan participants or discrete groups of them, the rights and legitimate expectations of third parties to retirement income may be prejudiced.

This is not necessarily the case with insurance benefit plans. Typically the employer pays policy premiums out of its own assets, perhaps with a contribution from the employee. The actuarial soundness of a fund, which might be depleted if strict vesting and accrual requirements were not observed, is not an issue where a plan of this description is involved. We conclude therefore that in such a case, the purpose of Congress in enacting 29 U.S.C. § 1102(a) would not be frustrated by recourse to estoppel principles, which are generally applicable to all legal actions.

Armistead, 944 F.2d at 1300.

Applying the reasoning set forth above, plaintiff's motion for leave to add an estoppel claim seeking pension plan benefits under the Retirement Plan must be denied as futile as plaintiff can prove no set of facts that would entitle her to relief.  Foman, 371 U.S. at 182; Sinay, 948 F.2d at 1041-42; Head, 870 F.2d at 1124; Conley, 355 U.S. at 45-46.  Estoppel claims seeking pension plan benefits are not actionable as a matter of law.  Sprague, 133 F.3d at 400; Armistead, 944 F.2d at 1300; Bielkie, 199 WL 644336, at *2; Ramsey, 2004 WL 1146334, at *3; Pitchford, 248 F.Supp.2d at 678.  Still further, plaintiff's proposed amended estoppel claim is not premised on requisite ambiguous ERISA plan language; plaintiff alleges that she "was never provided with any plan documents or summary plan description."  Sprague, 133 F.3d at 403-404; Bielkie, 199 WL 644336, at *3.  Indeed, in attempting to support her amended claim, plaintiff Zirnhelt attests:

> 15.  That Affiant [Diane Zirnhelt] does not have any recall of having ever received or being offered the plan document during her employment with Michigan Consolidated Gas Company.

> 15. [sic]  That Affiant does not have any recall of having ever received or being offered a plan summary document during her employment with Michigan Consolidated Gas Company.

Diane Zirnhelt November 19, 2004 Affidavit, at 4.  Although Federal Rule 15(a) contemplates a liberal pleading standard, the Rule does not support granting leave to add an amend claim which, as here, would not survive a motion to dismiss.  Foman, 371 U.S. at 182; Sinay, 948 F.2d at 1041-42; Head, 870 F.2d at 1124.

### III. Motion to Strike

Defendants filed a two-page supplemental brief in response to plaintiff's reply brief. Plaintiff in turn filed a motion to strike the supplemental reply brief as not being authorized under the Local Rules.  Defendants' two-page supplemental brief was merely cumulative with respect to the arguments advanced in the motion, response, and reply briefs. Accordingly, the court will deny the motion to strike as moot.

Plaintiff's motion for leave to file an amended complaint to add a claim of estoppel is hereby DENIED.  Plaintiff's motion to strike defendants' supplemental brief is hereby DENIED as MOOT.

SO ORDERED.


s/George Caram Steeh_____
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  February 22, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on February 22, 2006, by electronic and/or ordinary mail.


s/Josephine Chaffee_____
Secretary/Deputy Clerk