UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE M. ZIRNHELT,

        Plaintiff,

vs.

Case No. 04-CV-70619
HON. GEORGE CARAM STEEH

MICHIGAN CONSOLIDATED GAS CO., et al.,

        Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT III (#22)

Plaintiff Diane Zirnhelt moves for summary judgment of Count III alleging the Plan Administrator for American Natural Resources System Companies Employees' Retirement Plan ("Retirement Plan"), defendant Elizabeth Pochini, is liable under 29 U.S.C. § 1132(c)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101 et seq., to pay a $100.00 per day penalty for 394 days for Pochini's delay in providing Zirnhelt with requested Retirement Plan documents. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Zirnhelt filed a three count ERISA complaint on February 19, 2004 seeking pension benefits under the Retirement Plan, and alleging in Count III that she requested Plan Documents[1] on May 2, 2003, which Plan Administrator Pochini delayed in providing. Zirnhelt alleges Pochini is liable to pay statutory penalties under 29 U.S.C. § 1132(c)(1)(B), which provides:

---

[1] Zirnhelt alleges she asked for copies of the summary plan description, a Form 5500 Annual Report with all schedules and attachments, a copy of any collective bargaining agreement, trust agreement, contract, or other instrument underwhich the plan is established or operated, and any additional information that contains information necessary for Zirnhelt to perfect her claim for pension plan benefits.

> (c) Administrator's refusal to supply requested information; penalty for failure to provide annual report in complete form
>
> (1) Any administrator . . . (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a <u>participant</u> or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper. . . . .

(emphasis added). Zirnhelt asserts it is undisputed that the Retirement Plan documents she requested on May 2, 2003 were not provided to her until July 1, 2004, after she filed this lawsuit, 424 days after she requested the documents. Zirnhelt thus asserts that she is entitled to entry of judgment pursuant to § 1132(c)(1)(B) in the amount of $39,400.00, representing a $100.00 per day penalty for 394 days of delay.

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." <u>See Redding v. St. Eward</u>, 241 F.3d 530, 532 (6th Cir. 2001). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986); <u>Redding</u>, 241 F.3d at 532 (6th Cir. 2001).

§ 1132(c)(1)(B) requires a plan administrator to respond within 30 days to a request for ERISA information from a plan "participant" or "beneficiary." Ths Supreme Court has defined a "participant" for purposes of § 1132(c)(1)(B):

> . . . . To say that a "participant" is any person who claims to be one begs the question of who is a "participant" and renders the definition set forth in § 1002(7) superfluous. Indeed, respondents admitted at oral argument that "the words point against [them]." Tr. of Oral Arg. 40.

2

> In our view, the term "participant" is naturally read to mean either "employees in, or reasonably expected to be in, currently covered employment," or former employees who "have ... a reasonable expectation of returning to covered employment" or who have "a colorable claim" to vested benefits[.]  In order to establish that he or she "may become eligible" for benefits, a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future. "This view attributes conventional meanings to the statutory language since all employees in covered employment and former employees with a colorable claim to vested benefits 'may become eligible.' A former employee who has neither a reasonable expectation of returning to covered employment nor a colorable claim to vested benefits, however, simply does not fit within the [phrase] 'may become eligible.' "

Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 117-118 (1989).  The Sixth Circuit has since applied the "colorable claim" test in deciding whether an ERISA plaintiff has standing to seek relief under § 1132.  See Crawford v. Roane, 53 F.3d 750, 754 (6th Cir. 1995) (reasoning that a "beneficiary" for purposes of § 1132 is not anyone who claims to be one, but is instead one who "has a reasonable and colorable claim to benefits" under an ERISA plan); Teagardener v. Republic-Franklin Inc. Pension Plan, 909 F.2d 947, 953 (6th Cir. 1990) (quoting Firestone Tire, 109 S.Ct. 948, 959 (Scalia, J., concurring) in reasoning that a "participant" for purposes of § 1132 must have an alleged entitlement to benefits based on the ERISA plan language itself, and not simply "a good argument that benefits have vested even though they have not").

Zirnhelt has failed to come forward with evidence to place beyond all reasonable dispute that she has a colorable claim to pension benefits under the applicable Retirement Plan language.  The court is unable on this limited record to conclude as a matter of law that Zirnhelt is a "participant" in the Retirement Plan as a party with a reasonable and colorable claim for benefits as envisioned under Firestone Tire and its progeny.  Firestone Tire, 489 U.S. at 117-118; Crawford, 53 F.3d at 754; Teagardener, 909 F.2d at 953.

Further, the decision whether to award up to a $100.00 a day penalty under § 1132(c)(1)(B) is entirely within the district court's discretion.  Bartling v. Fruehauf, 29 F.3d

1062, 1068 (6th Cir. 1994). In exercising that discretion, the court may take into account the defendant's good faith, or lack thereof, and the plaintiff's resulting prejudice, or lack thereof. Id. Zirnhelt has not developed an undisputable factual record to date that would support the requested penalty of $39,400.00. Construing the pleadings and evidence in a light most favorable to defendant Plan Administrator Pochini,

Plaintiff Zirnhelt's motion for summary judgment as to Count III is hereby DENIED.

SO ORDERED.

                              s/George Caram Steeh  
                              GEORGE CARAM STEEH  
                              UNITED STATES DISTRICT JUDGE

Dated: April 10, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on April 10, 2006, by electronic and/or ordinary mail.

                              s/Josephine Chaffee  
                              Secretary/Deputy Clerk