UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE M. ZIRNHELT,

      Plaintiff,

                                   Case No. 04-CV-70619
vs.                                         HON. GEORGE CARAM STEEH

MICHIGAN CONSOLIDATED GAS CO., et al.,

      Defendants.
_____/

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (# 25)

      Plaintiff Diane Zirnhelt moves for reconsideration of this court's February 22, 2006 order denying plaintiff's motion for leave to file an amended estoppel claim seeking pension benefits under defendant American National Resources System Companies Employees' Retirement Plan ("Retirement Plan").  Generally, and without restricting the court's discretion, the court will not grant a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been mislead but also show that correcting the defect will result in a different disposition of the case.  E.D. Mich. LR 7.1(g)(3).

      Plaintiff's motion for reconsideration asserts that the court erred in determining that a requisite ambiguity in the Retirement Plan language does not exist.  In a March 23, 2006 Supplemental Brief, plaintiff asserts newly discovered evidence of ambiguous Retirement Plan language warrants granting reconsideration.

      Plaintiff's motion for reconsideration is without merit.  Even assuming an ambiguity exists, plaintiff's amended claim would still be subject to dismissal as a matter of law, and thus futile, consistent with the court's holding that "[e]stoppel claims seeking pension plan

benefits are not actionable as a matter of law." February 22, 2006, at 6 (citing Sprague v. General Motors Corporation, 133 F.3d 388, 400 (6th Cir. 1998) (en banc); Armistead v. Vernitron Corp., 944 F.2d 1287, 1300 (6th Cir. 1991); Bielkie v. General Motors Corp., No. 98-1873, 188 F.3d 506 (Table), 199 WL 644336, at *2 (6th Cir. Aug. 19, 1999) (unpublished); Ramsey v. Formica Corp., No. 1:04-CV-149, 2004 WL 1146334, at *3 (S.D. Ohio Apr. 6, 2004) (unpublished); Pitchford v. General Motors Corp., 248 F.Supp.2d 675, 678 (W.D. Mich. 2003)). Correction of the asserted error would not result in a different disposition of plaintiff's motion to amend as the proposed amended estoppel claim seeking pension benefits would be subject to dismissal as a matter of law. Foman v. Davis, 371 U.S. 178, 182 (1962); Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1041-42 (6th Cir. 1991); Head v. Jellico Hous. Auht., 870 F.2d 1117, 1124 (6th Cir. 1989); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Plaintiff's motion for reconsideration is hereby DENIED.

SO ORDERED.

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

Dated: April 10, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on April 10, 2006, by electronic and/or ordinary mail.

s/Josephine Chaffee  
Secretary/Deputy Clerk

2