UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE M. ZIRNHELT,

    Plaintiff,

                Case No. 04-CV-70619
vs.               HON. GEORGE CARAM STEEH


MICHIGAN CONSOLIDATED GAS CO., et al.,

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (# 48)

   Defendants move for reconsideration of that part of this court's November 1, 2006 Order granting summary judgment in favor of plaintiff Diane Zirnhelt in the amount of $10,500.00 on Zirnhelt's claim for $100.00 per day penalties under 29 U.S.C. § 1332(c)(1)(B) of the Employee Retirement Income Security Act, 29 U.S.C. § 1101, et seq..

   Generally, and without restricting the court's discretion, the court will not grant a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been mislead but also show that correcting the defect will result in a different disposition of the case.  E.D. Mich. LR 7.1(g)(3).

   Defendants argue the court erred by granting Zirnhelt summary judgment on the claim in the absence of a motion for summary judgment filed by Zirnhelt, and in the absence of notice to the defendants that the court would consider granting summary judgment in favor of Zirnhelt.  District courts are authorized to enter summary judgment in favor of the non-moving party where the moving party was on notice that he was required to proffer all of his evidence.  Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69

F.3d 98, 104-105 (6th Cir. 1995) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986) (emphasis omitted)).  The procedural decision to grant summary judgment for the non-moving party is discretionary, reflecting a "common sense" application of the law.  Id.

The court did not abuse its discretion in granting summary judgment in favor of Zirnhelt on her claim for penalties under 29 U.S.C. § 1332(c)(1)(B).  Zirnhelt's February 16, 2006 motion for summary judgment on the claim for penalties was denied on April 10, 2006 because, due to a limited record, a material factual dispute remained whether Zirnhelt had a "colorable claim" for benefits which entitled her as a "participant" to request Plan documents, and because the record also was limited for purposes of exercising the court's discretion in deciding whether a penalty was warranted.  April 10, 2006 Opinion, at 3-4, citing Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 117-118; Crawford v. Roane, 53 F.3d 750, 754 (6th Cir. 1995); Teagardner v. Republic-Franklin, Inc., Pension Plan, 909 F.2d 947, 953 (6th Cir. 1990); Bartling v. Fruehauf, 29 F.3d 1062-1068 (6th Cir. 1994). Defendants then moved separately for summary judgment as to Zirnhelt's claims for pension benefits, and Zirnhelt's claim for a penalty award under 29 U.S.C. § 1332(c)(1)(B), fully developing an evidentiary record.  After reviewing the record and determining that Zirnhelt had a "colorable claim" for benefits, the court reasoned:

> The award of a $10,500.00 penalty in this lawsuit is premised on Pochini's unwarranted 105-day delay in providing Zirnhelt with the requested materials after this lawsuit was filed.  *From the filing of the complaint until the requested materials were disclosed, Pochini could no longer rely in good faith on her instant attestations that the information request was moot.*  The punitive conduct here is the needless delay in obtaining an administrative adjudication of Zirnhelt's claim for benefits and an adjudication of this lawsuit, which ultimately turned on the parties differing versions and interpretation of the Retirement Plan language and information contained within Zirnhelt's May 2, 2003 request.  Prejudice is not a prerequisite to imposition of a penalty.  Carlton [v. Eason, No. 98-CV-72682, 1999 U.S. Dist. LEXIS 13342, at *4 (E.D. Mich. Aug. 19, 1999) (unpublished)].  The circumstances in Carlton differ from those now before the court; the Carlton plaintiff proffered "no evidence in support of his allegation that Defendants did not turn over required documents in violation of ERISA."  Id. at *5.

November 1, 2006 Opinion, at 12-13 (emphasis added).  Pochini's November 15, 2006

Second Affidavit, proffered to support the motion for reconsideration, does not change the

court's analysis that, after this lawsuit was filed, Pochini could no longer rely in good faith

on her own subjective belief that Zirnhelt's request was moot.  After two briefings on the

issue, and full development of the factual record, the court exercised common sense and

did not abuse its discretion in granting Zirnhelt summary judgement.  Employers Ins. of

Wausau, 69 F.3d at 104-105.  In the alternative, to the extent the court procedurally erred,

Pochini's recent Second Affidavit does not require a different disposition of the motion.

Defendants remaining arguments are likewise without merit.  The April 10, 2006 and

November 1, 2006 Opinions are not inconsistent.  Even assuming that defendants

proffered the majority of documentary evidence after April 10, 2006 to finally develop a

factual record, it does not follow that defendants were entitled to summary judgment on

Zirnhelt's claims.  Defendants' argument that the court erred in finding that Zirnhelt had a

"colorable" claim merely reiterates the same issues already twice reviewed and since ruled

on by the court.

Defendants have failed to demonstrate either palpable error, or an error that, if

corrected, would result in a different disposition of the motion.  Accordingly,

Defendants' motion for reconsideration is hereby DENIED.

Dated:  December 19, 2006


s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 19, 2006, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk